UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KEEVIN GREENE,

        Plaintiff,

   v.

GRAPHIC PACKAGING
INTERNATIONAL LLC,

        Defendant.

---

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
5955 W. Main St., Ste. 618
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

---

## C O M P L A I N T

Plaintiff Keevin Greene alleges the following for his complaint against Defendant Graphic Packaging International LLC.

### NATURE OF THE CASE

1.    This is an employment case about race-based harassment and discrimination, as well as retaliation.

2.    Plaintiff Keevin Greene worked for Defendant Graphic Packaging where his coworkers and supervisors harassed and discriminated against him because of his race (black).

3.    During his employment, Greene's group leader aggressively yelled racial slurs at him and threatened to kill Greene while brandishing a knife.

4. When Greene complained to Defendant about the harassment, he was subjected to targeted surveillance, selective discipline, and was eventually fired.

5. Defendant's conduct violates Title VII of the Civil Rights Act of 1964 and Michigan's Elliott-Larsen Civil Rights Act. Greene suffered damages as a result of Defendant's statutory violations that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## PARTIES, JURISDICTION, AND VENUE

6. Plaintiff Keevin Greene is an individual who resides in Kent County, Michigan.

7. Defendant Graphic Packaging International is a limited liability company organized under the laws of the State of Delaware. Defendant maintains a manufacturing facility located in Kalamazoo County, Michigan.

8. The Court has personal jurisdiction over Defendant under Michigan Compiled Laws Sections 600.711 and 600.715. FED. R. CIV. P. 4(k)(1)(A).

9. The Court has original subject matter jurisdiction over the claims asserted in the complaint under Title VII of the Civil Rights Act of 1964 in accordance with Title 28 of the United States Code, Section 1331, because those claims arise under federal law. Title VII also independently provides for subject matter jurisdiction in the federal courts. 42 U.S.C. § 2000e–5(f)(3).

10. The Court has supplemental jurisdiction over the state law claims asserted in the complaint under Title 28 of the United States Code, Section 1367, because those claims are so related to the claims over which the Court has original jurisdiction that they form part of the same case and controversy.

11. Venue is appropriate in this judicial district in accordance with Title 28 of the

United States Code, Section 1391(b).

## GENERAL ALLEGATIONS

12. Defendant operates a manufacturing facility located in Kalamazoo that converts paperboard into folding cartons.

13. Defendant hired Greene on September 23, 2022, as a press operator at the company's Kalamazoo facility.

14. Greene's race is black.

15. In April 2023, Greene's group leader (who is white) aggressively approached Greene while yelling racial slurs at him, including "You stupid n\*\*\*er."

16. The group leader then picked up a knife, moved toward Greene, and stated, "I'll kill you, stupid n\*\*\*er."

17. Greene's supervisor was present during this incident and failed to intervene or take corrective action.

18. Greene immediately reported this incident and the threats of racial violence to Defendant's human resources department.

19. Defendant failed to conduct an adequate investigation or take any actions designed to seriously address the matter.

20. Greene then escalated his concerns to Defendant's operations manager who took no action despite his awareness of the situation.

21. Additionally, and instead of addressing the harassment and discrimination visited upon Greene, Defendant told Greene that it would award him a material handler bid position but only if Greene would "let all of this die down and go away."

22. Following his complaints, Greene was then subjected to targeted surveillance by

Defendant where the company attempted to find Greene doing "something wrong" to manufacture a way to fire him.

23.    Defendant's opportunity to find a way to get rid of Greene came in 2024.

24.    In January 2024, Defendant disciplined Greene for starting his car early during a blizzard, but several other employees engaged in the same conduct and received no discipline.

25.    On March 6, 2024, Defendant terminated Greene's employment.

26.    Defendant alleged that it terminated Greene's employment for accruing five disciplinary events in a 12-month period. However, several of these disciplinary events were pretextual, backdated, or should have expired or rolled-off Greene's attendance point summary under company policy.

27.    Greene filed a charge of discrimination with the United States Equal Employment Opportunity Commission and has otherwise satisfied all administrative prerequisites to filing his causes of action.

## COUNT 1

### DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

28.    Greene repeats and incorporates all of the previous allegations in his complaint.

29.    Defendant subjected Greene to different terms and conditions of employment because of his race.

30.    Defendant terminated Greene's employment.

31.    Greene's race was a motivating factor in Defendant's decision to treat him differently in connection with the terms and conditions of his employment and the decision to end his employment.

32.    Greene suffered damages as a result of Defendant's discrimination that include,

but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 2

### RETALIATION IN VIOLATION OF TITLE VII
### OF THE CIVIL RIGHTS ACT OF 1964

33.     Greene repeats and incorporates all of the previous allegations in his complaint.

34.     Greene engaged in activity protected by Title VII when he, among other things, opposed the discrimination and harassment that he endured in Defendant's workplace.

35.     Defendant knew about Greene's opposition and protected activity.

36.     Defendant treated Greene differently in connection with the terms and conditions of his employment and it ended his employment.

37.     Defendant would not have taken these adverse actions against Greene but for his protected activity.

38.     Greene suffered damages as a result of Defendant's retaliation that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 3

### HARASSMENT IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

39.     Greene repeats and incorporates all of the previous allegations in his complaint.

40.     Greene was subjected to communications and conduct based on his race.

41.     The communications and conduct were hostile and unwelcome.

42.     Greene was subjected to a hostile work environment and otherwise treated differently than other employees because of his race.

43.     Defendant was legally responsible for the work environment that was hostile to

Greene because of his race.

44.    The hostile work environment Greene endured was so severe or pervasive so as to alter the terms and conditions of his employment by creating a hostile and abusive working environment.

45.    Defendant knew about the conduct Greene was subjected to and failed to implement reasonably prompt and appropriate corrective actions to end the harassment, and it also actively encouraged the creation of the hostile and abusive working environment.

46.    Greene suffered damages as a result of Defendant's harassment that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 4

### DISCRIMINATION IN VIOLATION OF
### MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT

47.    Greene repeats and incorporates all of the previous allegations in his complaint.

48.    Defendant subjected Greene to different terms and conditions of employment because of his race.

49.    Greene's race was one of the motives or reasons that made a difference in Defendant's decision to treat him differently in connection with the terms and conditions of his employment and the decision to end his employment.

50.    Greene suffered damages as a result of Defendant's discrimination that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 5

### RETALIATION IN VIOLATION OF MICHIGAN'S
### ELLIOTT-LARSEN CIVIL RIGHTS ACT

51.     Greene repeats and incorporates all of the previous allegations in his complaint.

52.     Greene engaged in activity protected by Michigan's Elliott-Larsen Civil Rights Act when he, among other things, opposed the discrimination that he endured in Defendant's workplace.

53.     Defendant knew about Greene's opposition and protected activity.

54.     Defendant treated Greene differently in connection with the terms and conditions of his employment and it ended his employment.

55.     There was a causal connection between Greene's protected activity and the adverse employment actions Defendant took against him.

56.     Greene suffered damages as a result of Defendant's retaliation that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 6

### HARASSMENT IN VIOLATION OF
### MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT

57.     Greene repeats and incorporates all of the previous allegations in his complaint.

58.     Greene was subjected to communications and conduct based on his race.

59.     The communications and conduct were hostile and unwelcome.

60.     Greene was subjected to a hostile work environment and otherwise treated differently than other employees because of his race.

61.     Defendant was legally responsible for the work environment that was hostile to Greene because of his race.

62.     The hostile work environment Greene endured was so severe or pervasive so as to alter the terms and conditions of his employment by creating a hostile and abusive working environment.

63.     Defendant knew about the conduct Greene was subjected to and failed to implement reasonably prompt and appropriate corrective actions to end the harassment, and it also actively encouraged the creation of the hostile and abusive working environment.

64.     Greene suffered damages as a result of Defendant's harassment that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 7
### DISCRIMINATION IN VIOLATION OF
### TITLE 42 OF THE UNITED STATES CODE, SECTION 1981

65.     Greene repeats and incorporates all the previous allegations in his complaint.

66.     Greene's race is black.

67.     Defendant terminated Greene's employment.

68.     Greene's race was a motivating factor in Defendant's decision to treat him differently in connection with the terms and conditions of his employment and the decision to end his employment.

69.     Greene suffered damages as a result of Defendant's discrimination that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 8
### RETALIATION IN VIOLATION OF
### TITLE 42 OF THE UNITED STATES CODE, SECTION 1981

70.     Greene repeats and incorporates all the previous allegations in his complaint.

71. Greene engaged in activity protected by Title 42 of the United States Code, Section 1981, when he complained to Defendant and opposed the discrimination he encountered in Defendant's workplace.

72. Defendant knew about Greene's protected activity.

73. Defendant terminated Greene's employment.

74. Defendant would not have taken these adverse actions against Greene but for his protected activity.

75. Greene suffered damages because of Defendant's retaliation that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 9

### HARASSMENT IN VIOLATION OF
### TITLE 42 OF THE UNITED STATES CODE, SECTION 1981

76. Greene repeats and incorporates all the previous allegations in his complaint.

77. Greene was subjected to communications and conduct based on his race.

78. The communications and conduct were hostile and unwelcome.

79. Greene was subjected to a hostile work environment and otherwise treated differently than other employees because of his race.

80. Defendant was legally responsible for the work environment that was hostile to Greene because of his race.

81. The hostile work environment Greene endured was so severe or pervasive so as to alter the terms and conditions of his employment by creating a hostile and abusive working environment.

82. Defendant actively encouraged the creation of the hostile and abusive working environment.

83.    Greene suffered damages as a result of Defendant's harassment that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## JURY DEMAND

84.    Greene demands a trial by jury on all issues so triable. FED. R. CIV. P. 38(b).

## RELIEF REQUESTED

85.    Plaintiff Keevin Greene requests that the Court enter a judgment in his favor and against Defendant Graphic Packaging International LLC in an amount that will fully and fairly compensate him for all of his damages, losses, expenses, back wages, emotional distress, attorney's fees, litigation costs, and interest.

86.    Greene also requests that the court grant him any additional relief, both legal and equitable, as the Court determines to be appropriate and just under the circumstances.

KEEVIN GREENE

Dated: April 13, 2026               By:    /s/  Mark S. Wilkinson

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
5955 W. Main St., Ste. 618
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com